## (May 22, 1969)

■ MARIA A. SANTALLA, Respondent, v. EUSEBIO SANTALLA, Appellant.— Order entered February 19, 1969, awarding temporary alimony in the sum of $125 per week, commencing from November 25, 1968, together with counsel fees in the sum of $1,000, unanimously modified on the facts and in the exercise of discretion, to the extent of reducing alimony to the sum of $80 per week, commencing December 20, 1968, and otherwise affirmed, without costs or disbursements. Since the parties were married on September 6, 1946, and thus the marriage did have stability, the plaintiff wife seems to have reasonable grounds, prima facie, and subject to proof, warranting temporary alimony. However, she has demonstrated earning capacity and it is also reasonable to assume this will continue, in the absence of illness or accident. The *pendente lite* allowance of $80 per week seems to us to more accord with the realities, considering the husband's effort to support also the couple's teen-age daughter, still in school; the allowance is of course, subject to re-examination and revision at the plenary trial. And further, in view of the fact, plaintiff was concededly gainfully employed at a salary of $8,000 per year until December 20, 1968, the husband should not be held responsible for her complete support prior to that date. Concur— Stevens, P. J., Eager, Tilzer, McGivern and Steuer, JJ.

■ MONTEFIORE HOSPITAL, Plaintiff, v. MELVIN LESSER et al., Defendants and Third-Party Plaintiffs-Respondents. ASSOCIATED HOSPITAL SERVICE OF NEW YORK, Third-Party Defendant-Appellant.— Order of Appellate Term reversing order of Civil Court which dismissed third-party complaint, unanimously reversed, on the law, without costs and disbursements in any court, and order of Civil Court, entered April 27, 1967, reinstated, and the third-party complaint dismissed. (See *French Hosp.* v. *Stuart*, 31 A D 2d 522.) The third-party plaintiffs fail to present a proper factual basis to support a claim that the third-party defendant is estopped from asserting the two-year period of limitation prescribed by the hospital service plan contract. Concur— Eager, J. P., Capozzoli, Nunez, McNally and Steuer, JJ.

■ SEYMOUR STERN, Respondent, v. WILLIAM HERMANN, Doing Business as WILLIAM HERMANN PLUMBING AND HEATING CONTRACTOR, Appellant.— Order entered January 28, 1969, unanimously modified, on the law, on the facts and in the exercise of discretion, without costs and disbursements, to provide that the statement of readiness heretofore served and filed by plaintiff be vacated, and the action, if it appears on the Trial Term Calendar, be stricken therefrom. There has been a failure to comply with the provisions of subdivision 4 of rule IV of the New York County Supreme Court Rules (22 NYCRR 660.4 [d]). Also it is noted that the answer and a subsequent amended answer were served following the service and filing of the statement of readiness. The defendant shall appear for examination at Special Term, Part II, on a date to be fixed by notice duly served by plaintiff. Concur— Stevens, P. J., Eager, Tilzer, McGivern and Steuer, JJ.